No. 4008.

(Court of Appeal, Parish of Orleans.)

JOSEPH B. GROS vs. ST. CHARLES ST. R. R. CO., et al.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "A."

R. J. Maloney, J. B. Habans, for Plaintiff and Appellee.
Denegre & Blair, Victor Leovy & H. H. Hall, for Defendant and Appellant.

DUFOUR, J. In this suit for damages for personal injuries the trial judge awarded $300 to plaintiff and assigned the following reasons for his conclusions.

"The screen, used in the car, that struck the plaintiff when it fell, was a foot or more in width, by the length of the car seat— something over two feet, and was made of metal and was quite heavy. It was provided with two pegs, two inches in length, which fit into holes on the upper edge of the back of the seat. Their purpose was to carry out the State law, providing for the separation of the races in street cars.

The plaintiff was a passenger, and the car was crowded. In some way the screen fixed to the back of the seat became loosened and fell over, striking plaintiff on the back of her neck, where it joins the body. The plaintiff and witnesses testify that her neck was bruised and painful, and that she went to bed, and sent for a physician, and was under treatment for some time. The physician testified that she was "painfully, but not seriously, hurt," and again, "that she was considerably bruised." The car conductor reported the accident and a claim agent called to see the plaintiff. Effort was made to show that plaintiff was not hurt, and to make light of her assertions that she was, but I saw and heard the plaintiff when she testified, and I believe what she said. The doctor and witnesses corroborated the plaintiff in this respect, and a metal screen, one foot by two in size, falling against her neck, as it did, was not a trifling matter. Res ipsa loquitur.

The injuries are not permanent, but that plaintiff was hurt

444

and suffered pain and inconvenience I have no doubt, from the proofs in the case. As a passenger she was entitled to security from harm and it was negligence in the company to have metal screens so insecurely pinned to the back of the seats as to be liable to fall, as this screen did. The fact that right after this accident the company removed the heavy metal screen from all their cars and substituted light ones, is a confession that they were unsuitable and dangerous.

"I have rendered judgment for an amount which I considered reasonable and fair."

An examination of the record discloses the fact, not infrequent in cases of this character, that the plaintiff's claims are exaggerated, and that defendant unduly seeks to minimize them, with a veiled attempt at showing that the injury complained of is fictitious and that possibly no accident occurred.

Whatever conflict as to details may be found in the testimony as to the exact position of the parties in the car seats, it is undoubtedly true that the plaintiff was struck by the swinging of the metal screen forming the separation between the portion of the car allotted to white patrons and that allotted to colored patrons. Independently of plaintiff's testimony and that of the persons who were in the car with her, we find that a report of the accident was made by the conductor, that an inspector called at the plaintiff's house to inquire into the matter and that the screens were taken out and labelled for future identification. The plaintiff urges that the putting in of screens to separate the races instead of complete partitions is a violation of the Statute; defendant urges that it is a sufficient compliance with the law.

We do not deem it necessary to decide this point.

The testimony is uncontradicted that the appliances were three by two or two and a half feet, made of metal and very heavy; conjectures and theories based on alleged physical facts tending to establish that the screens were securely placed and could not swing, must yield to the positive proof believed by the judge that it did swing.

It would require a most ingenious mind to understand the va-

garies of things inanimate, and the ways of accidents are mysterious and unfathonable.

A significant circumstance is that the defendant found it proper, in spite of the considerable pecuniary outlay, to subsequently discard the original screens and substitute others of wire and light wood construction.

Concerning *arguendo* that screening was sufficient compliance with the law, we are satisfied that the appliances in use at the time of the accident were not safe and proper for the purpose for which they were intended, considering that they were subjected to jolts and to the chances that, in a filled car, passengers might lean on them and disturb their equilibrium.

The nature of the injuries is emotionally exaggerated by the plaintiff and her witnesses of her own sex; that she was not permanently injured is conclusively shown by the report and substantiating testimony of three physicians who made a thorough examination of her condition during the course of the trial. That she was painfully, if not seriously hurt, was treated for several weeks and suffered much at times (is in our opinion, sufficiently shown. Overclaiming does not prevent proper compensation.

While perhaps we might not have allowed the exact sum given below, we are not able to assert that it is either manifestly excessive or inadequate, as contended by respective counsel, and shall not disturb the finding of our brother of the District Court.

Judgment affirmed.